# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:07cv430

| | |
|---|---|
| In re:<br><br>**JOSE CABRERA and**<br>**MARIBEL CABRERA,**<br><br>      Debtors.<br><br>**JOSE CABRERA and**<br>**MARIBEL CABRERA,**<br><br>      Plaintiffs,<br><br>      vs.<br><br>**HOME LOAN CORPORATION d/b/a**<br>**EXPANDED MORTGAGE CREDIT;**<br>**SELECT PORTFOLIO SERVICES,**<br>**INC., f/k/a FAIRBANKS CAPITAL**<br>**CORP., BANK OF NEW YORK,**<br>**TRUST U/A dated 12/1/01; CAPITAL**<br>**CONVERSIONS CORPORATION;**<br>**FAMILY MORTGAGE GROUP, INC.;**<br>**ROBERT CONCHA; and EVERETTE**<br>**DALE FRAZIER,**<br><br>      Defendants. | <u>**O R D E R**</u> |

**THIS MATTER** is before the Court on appeal by Appellant Capital Conversions Corporation ("Appellant" or "Capital Conversions") from the Bankruptcy Court's entry of judgment in favor of the Appellee Maribel

Cabrera ("Appellee" or "Carbrera"). This Court now considers, *sua sponte*, whether the Appellant's failure to comply with Federal Rule of Bankruptcy Procedure 8006 warrants dismissal of this appeal pursuant to Federal Rule of Bankruptcy Procedure 8001(a).

**I.    Factual Background and Procedural History**

The Bankruptcy Court's Memorandum of Opinion and Order entered on September 11, 2007 sets forth the following facts.

This adversary proceeding arises out of the purchase of a home and its financing by Jose and Maribel Cabrera.[1] The Cabreras are debtors in a Chapter 13 bankruptcy case that was filed on March 13, 2003. In 2004, the Cabreras filed this adversary proceeding against several mortgage providers and two mortgage brokers employed by the Appellant Capital Conversions Corporation, alleging unfair and deceptive trade practices and collection of unlawful loan discount fees in violation of N.C. Gen. Stat. § 75-1.1; breach of duty of loyalty; and actual and constructive fraud. The Cabreras sought treble damages pursuant to N.C. Gen. Stat. § 75-16 and reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

---

[1] Jose Cabrera died during the pendency of this adversary proceeding.

The Appellees entered into a settlement with the Defendants Home Loan Corporation d/b/a Expanded Mortgage Credit, Family Mortgage Group, Inc., and Everett Dale Frazier, and these parties were dismissed from this action. The Bankruptcy Court granted summary judgment in favor of Select Portfolio Services, Inc. and Bank of New York. The Cabreras obtained a default judgment against Robert Concha. Accordingly, the only remaining defendant was the Appellant.

Prior to trial, the Bankruptcy Court entered summary judgment in favor of the Appellant on the claims for breach of loyalty and actual fraud on the grounds that these claims were time barred. The case proceeded to trial on the claims of constructive fraud and violation of N.C. Gen. Stat. § 75-1.1.

Upon conclusion of the trial, the Bankruptcy Court concluded that Capital Conversions committed unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1,and awarded Cabrera $30,062 in damages. The Bankruptcy Court trebled those damages pursuant to N.C. Gen. Stat. § 75-16 and further held that Cabrera should recover pre-judgment interest at the rate periodically charged on her mortgage from June 2, 2000, through the date of the Judgment. Accordingly, on

3

September 27, 2007, judgment was entered in favor of Cabrera in the amount of $160,841.82.

The Appellant filed a notice of appeal on October 9, 2007. On October 18, 2007, the Appellant filed a Designation of Items to Be Included in the Record on Appeal and Statement of Issues to Be Presented. Among the items designated for the record on appeal was a "full transcript of proceedings." To date, however, the Appellant has failed to pay for the transcript, and thus, no transcript has been filed with the clerk. On December 6, 2007, the Bankruptcy Court Clerk filed with this Court a Memorandum setting forth that no payment has ever been made in order for the Appellant to secure a copy of the transcript. This Memorandum was filed in accord with the Court's electronic filing (ECF) system, with commensurate electronic notice to all parties. Despite this notice, nothing has been filed with the Court indicating such payment has been made or any action taken to secure the transcript.

## II. Analysis

Rule 8006 of the Federal Rules of Bankruptcy Procedure requires an appellant to file a designation of items to be included in the record and a statement of the issues to be presented within ten days of filing the notice

of appeal. Rule 8006 further provides that if the party designates a transcript of any proceeding or any part thereof, "the party shall, *immediately after filing the designation*, deliver to the reporter *and file with the clerk* a written request for the transcript *and make satisfactory arrangements for payment of its cost*." Fed. R. Bankr. P. 8006 (emphasis added).

It is well-established that "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997). Rule 8001(a) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, as follows:

> An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

Fed. R. Bankr. P. 8001(a). However, before the Court may dismiss an appeal for a violation of Rule 8006, the Court must take *at least one* of the following steps:

> (1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other

> parties; or (4) indicate that it considered the impact
> of the sanction and available alternatives.

In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). Dismissal for a Rule 8006 violation is a "harsh sanction which a district court must not impose lightly." Id. Accordingly, the Fourth Circuit has held that a proper analysis under this test "will normally require a district court to consider and balance all relevant factors." Resolution Trust Corp. v. SPR Corp. (In re SPR Corp.), 45 F.3d 70, 72 (4th Cir. 1995).

Upon consideration of the relevant factors, and keeping in mind the "harsh" nature of the sanction of dismissal, the Court concludes that dismissal of the present appeal is warranted in this case due to the Appellant's failure to comply with Rule 8006. The Appellant has been represented by counsel throughout these proceedings. The Appellant filed the designation of record on appeal on October 18, 2007. Among the items listed in this designation was the full transcript of the proceedings before the Bankruptcy Court. Under Rule 8006, the Appellant is required to file a request, make financial arrangements for, have produced, and file a copy of the transcript with the clerk. Fed. R. Bankr. P. 8006. To date, the Appellant has failed to do any of the above and the record does not contain any indication that it intends to do so. The Appellant has not

sought any extension of time to make such arrangements or to file such documents, nor has the Appellant sought any other type of relief.  In fact, the Appellant has taken no action in this case since the designation of record was filed.  Under these circumstances, the Court concludes that the Appellant has been at the very least negligent in failing to adhere to the Federal Rules of Bankruptcy Procedure.  <u>See</u> <u>Davis v. Burke</u>, No. Civ. A. AW-04-2015, 2005 WL 4014096, at *3 (D. Md. Apr. 4, 2005) (finding appellant acted in bad faith by failing to purchase transcript).

The Court further finds that the Appellant has had ample opportunity since the filing of the designation of record on October 18, 2007 to explain its failure to obtain and file the transcript.  The Appellant, however, has failed to do so in the two months that this appeal has been pending.  As such, the Court finds that giving the Appellant an opportunity to explain such delay would not likely result in a reasonable or credible explanation.

Additionally, the Court concludes that the delay in securing and filing the transcript has prejudiced these proceedings, and particularly the Appellee, in that such transcript is necessary to review the factual findings of the Bankruptcy Court.  Further, the delay has prejudiced the Appellee and the Trustee in the prompt administration of the bankrupt estate.

See In re Weiss, 111 F.3d at 1173 (finding failure to timely file appellate brief prejudiced the debtors and the bankruptcy trustee).

Finally, while acknowledging that dismissal is a harsh sanction, the Court concludes, for the reasons stated above, that any lesser sanction would not appropriate under the circumstances presented in this case.

Accordingly, **IT IS, THEREFORE, ORDERED** that Appellant Capital Conversions Corporation's appeal is **DISMISSED** *sua sponte* pursuant to Rule 8001(a) of the Federal Rules of Bankruptcy Procedure.

**IT IS SO ORDERED.**

Signed: December 10, 2007

Martin Reidinger
United States District Judge